Anderson J.
delivered the opinion of the court.
This was a creditor’s bill brought by the appellee Grove, for the use of Omohunder, against the appellant Martha E. Shands, in her own right and as executrix of E. A. Shands deceased, to obtain satisfaction, out of the personal or real estate of said decedent, of a judgment which he obtained against him in his lifetime.
The said E. Grove held a negotiable note of the Rockingham Turnpike Company, which he transferred *658 to Omohunder; upon which note suit was brought against the said company, and judgment obtained in favor of Grove for the use of Omohunder. And afterwards, upon suggestion of the plaintiff that E. A. Shands had effects in his hands belonging to, or was indebted to, the said Rockingham Turnpike Company, which were liable by the fieri facias lien to satisfy his said judgment against the said Company, judgment was rendered in his favor for, &c., against the said E. A. Shands, in his lifetime, for the amount of his said judgment against the company; for the satisfaction of which judgment out of the estate of E. A. Shands, personal or real, or by the appellant in her own right, this suit was brought. Upon the settlement of the accounts of the appellant as executrix of E. A. Shands, it appeared that there was a balance due from her to the estate of $1,969.83; and a decree was rendered against her, in favor of the appellee E. Grove, for the use, &c., of Omohunder, for $763.36, the amount of the judgment, with interest and costs; from which decree she was allowed an appeal to this court.
The court is of opinion that there is no error in said decree. It seems that the suggestion was made by the plaintiff at the instance of E. A. Shands, and that he was present in court and admitted his liability; and thereupon judgment was rendered against him. It is too late for his executrix now to object to the enforcement of the judgment by a court of equity, upon the ground that there is not sufficient evidence of either judgment, after the acknowledgment of her testator of his liability to satisfy the judgment against the company, and allowing judgment against himself. Part of the records of the suit were destroyed by the public enemy during the late war, but it seems that enough of the record was preserved to enable the clerk to *659 uertify copies of both judgments; and the court is of opinion that the evidence is sufficient.
hi or can she now object that no fieri facias ever issued upon the judgment against the company, so as to authorize the proceeding against her testator by suggestion, he having admitted his liability in open court when the judgment was rendered. But if a fieri facias had not issued, and her testator were not estopped, nor his personal representative, to object to the judgment on that ground, the objection could not be made in a court of equity. Her remedy was in the court of law, and the error, if it existed, might have been corrected on motion in the court which rendered the judgment, under chapter 177 of the Code of 1873.
If there was any defect in the service of the summons, which was awarded upon the suggestion, it could not avail the appellant, as it is in proof that the suggestion was made at the instance of the testator, who appeared in court and admitted his liability when the .judgment was rendered.
The objection for want of parties, the court is of opinion, is not error for which the decree should be reversed. They were not necessary parties in this suit.
E. A. Shands was not proceeded against as the surety of the Rockingham Turnpike Company, but as its debtor. So there is nothing in the objection if it be law, that the appellee should have been compelled to exhaust the assets of the Rockingham Turnpike Company,before resorting to the estate of E. A. Shands.
The court is further of opinion that this proceeding was not barred by the statute of limitations.
"We have thus, we believe, noticed all the assignments of error by the appellant in her petition. But her counsel in argument insists, that it was error to decree against the executrix, without first ascertaining *660 that the fund was sufficient to pay all the debts of her testator. This objection to the decree is first made in the appellate court, and in a supplemental brief of appellant’s counsel. The suit was brought by the plaintiffs, for themselves and all other creditors who' should come in and contribute to the expense of the suit. Uo other creditors came in. And the appellant, admits, in her answer to plaintiffs’ bill, that the personal property, including debts, which have and will come into her hands, will be amply sufficient to pay the remaining indebtedness of the estate. The court is of opinion, therefore, that the decree should not be reversed on that ground.
Upon the whole, we are of opinion to affirm the-decree.
Decree aeeirmed.